Hall, Judge.
It appears to me, that the authorities on this subject arc somewhat perplexed, and unsatisfactory. Hawkins says, that where the same offence is prohibited by several independent statutes, there are some authorities, that you must either conclude contra formam statutorum, or contra formam of the particular statutes, naming them ; and that if vou barely conclude contra formam staluti, the indictment will be insufficient, for not showing on which of the statutes it was taken. (2 vol. ch. 25, sec. 117.) But there are strong auihonties for the contrary opinion, which is also most agreeable to precedents. .The same doctrine is laid down in Chitty's Crim. Law. (1 vol. 291.) Bur I do not think it applies to the case now before the Court, because the act of 1786 cannot be taken tobe, independent, of that, of 1784, because if the act of 1784 is kept out of view', there is no offence committed. That act creates the offence: the act of 1786 only gives the remedy.
Hawkins, in the section above referred to, says, that where a later statute ordains that a former statute shall be executed in a new case, not mentioned in the firmer, as the 8 Henry 6, ch. 9 does, that, the 15 Rich. 2, ch. 2, shall be executed in the case of a forcible detainer, which is not mentioned in it; or where a new' statute adds a new penalty to an offence prohibited by a former statute, as the 23 Eli«. does to that of the 20 Ella, for a month’s absence from church, contrary to the tenor of the 1 Elix. *204 it seems that it may be argued with great reason, that if the indictment conclude contra for mam statuti, it will be insufficient, because the offence is not punishable by any one statute only. Yet considering that the precedents in these cases generally conclude contra formmn statuti, and the prosecution in truth depends upon the later statute, which seems itself alone sufficient to support if, it may be reasonably argued, and seems agreeable to the later opinions, that such a conclusion may be allowed in these cases. Chitly lays down the same doctrine, in the page above referred to.
As to the. first branch of the proposition, that where a new penalty is added, by a later statute, to an offence prohibited by a former, it is proper to conclude contra formara statutorum. Dinghy v. Moore, (Cro. Eliz. 750) is relied upon. By that case it appears, that it was by the 1 Elia, enjoined as a duty upon all subjects to go to church on Sundays and holidays, on pain of punishment by the censure of the church, and forfeiture of twelve pence for every offence, to be recovered by the wardens of the parish, for the use of the poor, &c. By the 23 Eliz. ch. I, sec. 5, it is enacted, that every person above the age of sixteen, who shall not repair to the church, contrary to the statute of 1 Eli», shall forfeit twenty pence, for every month they shall forbear, to the Queen’s majesty, and shall be bound with security in the sum of ;6200, for their good behaviour. The case of Broughton v. Moore, (Cro. Ja. 142) is an authority in support of the same doctrine. Hale in his 2d vol. at page 173, lays down the same rule, and founds his opinion upon the case of Dingley v. Moore. Dormer's case, (2 Leo. 5)—Rex v. Simmons, (Aleyn 49, 50,) and Owen 135, are also cited for the same purpose. Archbold (Criminal Pleadings, page 28) lays down the law to be that when one statute creates the offence, and another inflicts the penalty, the indictment for the offence must conclude contra formara statutorum, and cites 2 Hale 173, and Broughton *205 v. Moore. In addition to these authorities, there is one of modern date, (Lee v. Clark, 2 East 333,) in which Lord Elleuborough says, that if one statute prohibits a thing, and another statute gives a penalty, then upon an information upon a penalty, both statutes ought to be recited, and to conclude contra formam statutornm. It is true that in a subsequent case, (Earl of Clanricarde v. Stokes, 7 East. 516,) he dispenses with the necessity of such conclusion, provided the statutes arc sufficiently referred to in the body' of the information. As that is not done in this indictment, both those cases are authorities, ill at the conclusion should bo contra formam stataiornn i.
The case of Andrews v. The Parish of Lewknor, (Cro. Ja. 187,) does not shake the ground on which these authorities are based. That was an action against the hundred, upon the statute of Winton, (13 Edward 1, ch. 2,) of liue and cry. It was objected, that the declaration should have concluded contra formam statutornm, because it was against the statute of 27 Eliz. ch. 18, as well as against the statute of Winton. The Court held otherwise, because the action was founded upon the statute of Winton, which gave the penalty and remedy ; that of Elia. only regulated the manner of the examination, and limited the time within which (he action should be brought.
In support of the last branch of the proposition laid down by Hawkins and Chilly, that a conclusion contra, formam statuli, is sufficient by more modern authorities, where one statute creates an offence, and another adds a new penalty, the case of Warren v. Sayre, (1 Mod. 191) is cited. In that short case it was decided, that an information upon the 25 Eliz. only reciting the clause in it, which has reference to the 1 Elia, was good. To dispose of this case, it may be asked if the Judges would have so decided, if no reference to the 1 Eliz. had been made in the body of the information, which last statute made it a duty to goto church on Sundays and holidays, the omission of which was not an offence at common !aw\ *206 This case is not reroncileahle with another case cited for the same purpose. In Parker v. Webb, (3 Lev. 61) it is held, that an information will lie upon the 23 Eliz. alone; because that statute only gives the penalty of twenty pence per mouth, &c. Now in this case, it does not appear that there was any reference in the body of the indictment to the 1 Eliz. as there was, and which was held sufficient, in the case of Warren v. Sayre.
For my own part, I feel bound to subscribe to those opinions, which consider the 23 Eliz. dependant upon the 1 Eliz. Keep the latter statute out of view, and I am at a loss to perceive how a recovery of the penalty can be had on the former. The 23 Eliz. does not make it a duty to go to church at any particular time, but gives a penalty for not going to church, as the 1 Elia. points out. How is this to be ascertained, without having recourse to it ?
To apply these principles to the case now before the Court, by the 14x1» section of the act of 1784, (Revi-sal ch. 227) it is declared xhat the, overseers of the road shall keep the same in repair, and in default thereof, shall forfeit forty shillings, over and above such damages as shall be sustained, to be recovered by a warrant before any Justice of the Peace, by any person taking out the same, and to be applied to his own use. By the act of 17‘.>6, (Rev. ch. 256,) amendatory of the act of 1784, it is declared that all offences committed or done against the purview of the act of 1784, shall be hereafter prosecuted by indictment, in any Court having cognizance thereof, and all forfeitures shall be recovered by action of debt. By this act, the remedy by indictment is given, to which upon conviction, an additional punishment by fine is annexed. The result in my mind is, that the act of 1784 creates the offence, the act of 1786 gives an additional remedy and punishment, consequently that the indictment should conclude in the plural, contra for-mam stalutorum.
*207 This may appear to be a trivial objection. Be it so ; but if it has been sustained as well founded, for eentu-Hes, by able and learned .1 edges, it would he presumption in me, as well as a disregard of my duty, to.overrule it.
Toomrh, Judge, concurred.